STATE OF FLORIDA *ex rel.* WILLIAM ESTEP V. SHALER
RICHARDSON, as President, HERBERT L. BRYANS,
A. W. MORRISON and W. H. PICKETT, as and Consti-
tuting the State Board of Public Health of Florida.

3 So. (2nd) 512
En Banc
Opinion Filed August 1, 1941

*Rodney L. Durrance, B. K. Roberts,* for Relator;

*J. Tom Watson,* Attorney General, and *Donald K. Carroll,* Assistant Attorney General, for Respondents.

ADAMS, J.—On original jurisdiction this Court issued an alternative writ of mandamus against respondents as members of the State Board of Public Health commanding the issuance of a certificate of registration upon the following certificate:

"PHYSICIAN'S CERTIFICATE RECORD No. 4
DUVAL COUNTY, FLORIDA

"No. 546

"BOARD OF ECLECTIC MEDICAL EXAMINERS
"STATE OF FLORIDA
(EMBLEM)

"THIS CERTIFIES That, William Estep, M. D., has honorably passed the examination as prescribed by the State of Florida, and that the BOARD OF ECLECTIC MEDICAL EXAMINERS hereby grants him this Certificate, and authorizes him under the provision of the "Act to Provide for the Appointment of a State Board of Medical Examiners of the Eclectic School of Medicine," approved May 4, 1899, to pursue the Practice of Medicine in this State.

"Given under our Hand and Seal at Jacksonville this 19th day of November in the year 1920.

"Jno. A. McDonald, M. D., Pres.
"Dr. Geo. L. Dickerson, Sec'y.

"(SEAL OF THE BOARD OF
ECLECTIC MED. EXAMINERS)

"I, ELLIOTT W. BUTTS, Clerk of the Circuit Court, Duval County, Florida, do hereby certify that the foregoing Instrument filed for record, this 22nd day of

May, A. D. 1941, has been, by me, duly recorded in the Public Records of Duval County, Florida.

"(COURT SEAL)

"ELLIOT W. BUTTS, Clerk,

"By E. H. Griffin, Deputy Clerk."

Respondents filed a motion to quash and return based upon the following order:

"This cause came on to be heard for investigation, instituted by the Secretary of the said Board, under a certain purported license to practice medicine, claimed to be held by WILLIAM ESTEP, the same bearing No. 546, and alleged to have been issued by the Board of Eclectic Medical Examiners of the State of Florida, dated November 19, 1920, and it appearing to the Board the WILLIAM ESTEP had been duly notified to present said license to the Board for inspection, and the Board being fully advised in the premises, it is therefore,

"ORDERED, ADJUDGED AND DECREED that the said purported license No. 546, issued by the Board of Eclectic Medical Examiners, dated November 19, 1920, claimed to be held by WILLIAM ESTEP be and the same is hereby declared fraudulent, spurious and of no force and effect, and that said license is not recognized in the practice of medicine.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said purported license is not entitled to recognition by any of the Clerks of the Circuit Courts of any of the Counties in this State, or by any other official or court in this State.

"WHEREFORE, the said Board of Medical Examiners of Florida in session assembled, and a quorum being present, has caused this order to be executed and

signed by its president and its secretary, and the seal of the said Board affixed hereto, this 23rd day of June, 1941, in Jacksonville."

1. Before passing on the sufficiency of the return it is essential to determine what right if any relator had by virtue of the quoted certificate? The certificate was issued under authority of Sections 2170, 2171, 2172 and 2179, Revised General Statutes, 1920. The last one reading:

"Certificates.—When the board shall be satisfied as to the qualifications of an applicant, they shall grant to him a certificate to that effect, which certificate shall entitle the person to whom it is granted to practice medicine in any county when the same shall have been recorded as required by Section 2182."

Upon the granting of the certificate a right of property vested in the holder. This Court said in State *ex rel.* Sbordy v. Rowlett, 138 Fla. 330, 190 So. 59:

". . . We cannot overlook the fact that the right to practice medicine is a valuable property right and must be protected under the Constitution and laws of Florida."

2. Passing now to the question whether the order of the Medical Board shows any reason in law why the above quoted certificate is invalid?

The procedure prescribed by law to revoke the license in case it was procured by fraud is set forth in Section 3415, C. G. L., 1927. This Court has held that on proceedings under this statute to revoke a license the statute should be followed strictly. State *ex rel.* Sbordy v. Rowlett, *supra.* When the record of an order of the Board of Medical Examiners is plead it should show upon its face jurisdiction as to parties and subject matter and no presumption will supply the omis-

sion. McGehee v. Wilkins, 31 Fla. 83, 12 So. 228. In this case it does not appear that the Medical Board made an attempt to comply with the mandatory requirements of the statute and their action was a nullity and subject to collateral attack. See State *ex rel.* Tullidge v. Hollingsworth *et al.,* 103 Fla. 801, 138 So. 372.

It is true that the statute affords a remedy for review of the Board's action but this Court has held that the statutory remedy is not exclusive. State *ex rel* Tullidge v. Hollingsworth, *supra.*

The reason for the exception is apparent when we consider the difficulty that must exist in perfecting a record for statutory review when the aggrieved party was not present and knew nothing of what transpired. No matter what the form of action taken by the Board may be termed, if the effect is to deprive relator of his professional right the statute should be followed. Failure to comply with the statute may be an indication of want of merit in the defense.

The motion to grant the peremptory writ notwithstanding the return should be granted and the motion to quash the alternative writ should be denied and it is so ordered.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.
CHAPMAN and THOMAS, J. J., dissent.