CARROLL, Judge.
The appellant Dr. Francis Allston Brun-son has filed this appeal from a final judgment of the circuit court of Dade County denying his petition for certiorari brought to review a decision of the State Board of Medicial Examiners which held him guilty of certain charges and revoked his license. The administrative proceeding was' held in Dade County where the doctor’s principal professional office was located.
On order of this court the question of jurisdiction of the appeal was briefed and argued. The point involved is whether this third district court of appeal has jurisdiction of an appeal from such a judgment rendered by a trial court within this district or whether jurisdiction is in the first district court of appeal.
Section 458.123, Fla.Stat., F.S.A., of the Medical Practice Act provides that a final order for suspension or revocation of license may be reviewed by certoriari in the circuit courts of Leon County, “of the county wherein the licensee has recorded his license and has his principal professional office or the county wherein the books and records of the board are kept.” The statute then purports to place jurisdiction of appeals therefrom in the first district court of appeal, without regard to whether the judgment in certiorari which is appealed is entered by a circuit court in the first district or in another district. The latter provision of the statute, which is subsection (4) of section 458.123, provides as follows:
“Any interested party may appeal from the decision of the circuit court to the district court of appeal, first district, in the manner and within the time provided by the Florida appellate rules.”
The Constitution of Florida, Article V, section 5, F.S.A. provides that the state shall be divided into certain appellate districts, and for organization of a district court of appeal in each district. Subsection (3) of section 5, relating to jurisdiction, provides: “Appeals from trial courts in each appellate district, * * * may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.”
The certiorari proceeding in the circuit court of Dade County reviewing the decision of the Board was an original proceeding or case. The jurisdiction thus exercised by the circuit court was as a trial court, derived under the provision of the Constitution relating to original rather than appellate jurisdiction of that court. State v. Furen, Fla.1960, 118 So.2d 6.
*278 Under the Constitution judgments of trial courts in a district are appealable to the district court of appeal for that district. The provision of the Medical Practice Act (§ 458.123(4), Fla.Stat., F.S.A.) directing that such appeals shall be filed in the first district court of appeal is inapplicable in this instance, being contrary to the provision of the Constitution which places the appeal here.
It is so ordered.