ADAMS, Justice
(dissenting):
In this case petitioner, Dr. Katz, had his medical license revoked by the State Board of Medical Examiners.
The authority for the Board’s action was Chapter 458, Florida Statutes, cited as the Medical Practice Act.
The charge against the doctor was basically gross negligence and allowing a doctor whose license was temporarily suspended to practice with him, which latter act was styled as immoral and unprofessional conduct.
*715 The Board unconditionally revoked his license.
Review was sought in the Circuit Court hy way of certiorari under Section 458.123, Florida Statutes, F.S.A.
The Circuit Court entered this judgment:
“The Petition for Writ of Certiorari to be directed to a Final Order of the State Board of Medical Examiners dated February 14, 1966 having been considered together with the transcript, and record of proceedings, briefs and oral argument of counsel for respective parties hereto, and the Court being otherwise fully advised in the premises, finds that the Respondent did not exceed its jurisdiction or depart from the essential requirements of law in making and entering its Final Order dated February 14, 1966. It is therefore, upon consideration * * * affirmed.” (Emphasis supplied).
Appeal was then sought to the Third District Court of Appeal, wherein the judgment was affirmed (201 So.2d 805), the Court saying:
“It is now well settled that this court has jurisdiction to review the order of the circuit court. Section 458.123(4), Fla. Stat., F.S.A., and Brunson v. State Board of Medical Examiners, Fla.App.1966, 186 So.2d 276. However, the scope of review in such cases is limited. Florida State Board of Medical Examiners v. James, Fla.App.1965, 175 So.2d 815.
“The decision here reviewed is that of the circuit judge, not that of the Board. It was the duty of that judge to examine the Board’s decision and to determine whether or not such decision was rendered in accordance with the essential requirements of law. See Morris v. City of Hialeah, Fla.App.1962, 140 So.2d 615.”
The first consideration is that of jurisdiction.
Article V, Section 4, of the Constitution, F.S.A. settles jurisdiction in this Court when the decision in question is contrary to a decision of the Supreme Court on the same point of law.
Much has been said and written on this matter in the short span of years since this Article was adopted (1956). Perhaps the ruling case on this is that of Foley v. Weaver Drugs, Inc., Fla., 177 So.2d 221 (1965). Although here I am not dealing with the disposition of a case without an opinion it is well to keep in mind the ever present reluctance of this Court to take jurisdiction because of conflict. It is apparent that the judicial review accorded the Medical Board’s action was more restricted than has been heretofore allowed.
When the District Court of Appeal affirmed the judgment made by the Circuit Court, it in effect, adopted the judgment of the Circuit Court as its own. I now test that judgment against the settled holding of this Court in applying this form of certiorari to administrative boards. In Wilson v. McCoy Mfg. Co., 69 So.2d 659 (Fla.1954), and cases cited therein, it is very plain that the limited common law application of certiorari to review administrative decisions was not applicable.
When review was sought to the Circuit Court, it was incumbent upon that Court, being the first judicial tribunal to hear the matter, to inquire into the whole record. In other words, the Circuit Court, being the trial court, should not have limited its consideration as to whether the essential requirements of law were complied with, that is power and jurisdiction, but rather the Circuit Court was required to examine the whole record, including the evidence to determine the propriety of the hearing; whether it was free from error; the admissibility of evidence, as well as the competency of the evidence, and its legal sufficiency. This Court has spoken on this subject many times before and the rule seems to be clearly established that the scope of the writ of certiorari is somewhat limited when reviewing inferior judicial tribunals but in administrative boards and quasi-judi *716 cial boards the Court must determine the sufficiency, validity and competency of the evidence. See Wilson v. McCoy, supra; Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290 (1894); De Groot v. Sheffield et al., 95 So.2d 912 (Fla.1957); State v. Furen, et al., 118 So.2d 6 (Fla.1960); Florida, Motor Lines Corporation v. Douglass et al., 150 Fla. 1, 7 So.2d 843 (1942).
In this instance it is clear that the Circuit Judge only examined the record made before the Medical Board to ascertain that the bare essential requirements of law were complied with. This is inadequate. Likewise, upon the appeal to the District Court, that Court should have had the benefit of a full and proper record to give review by appeal as the Constitution provides. Less than a judicial review in the trial court is a denial of due process.
It is my conclusion therefore that the decision in this case is in direct conflict with the long line of decisions announced by this Court, hence we have jurisdiction.
Passing now to the question of the merits of the appeal. I am not satisfied to approve this, the most severe judgment which could be meted to this doctor. There is considerable question whether a man in one of the great professions can be deprived of his license by his fellows (a non-judicial body) under the guise of professional discipline. I am unwilling to sanction such a judgment. It doesn’t help the validity of the charge to say that it is stronger by branding it as immoral and unprofessional to say that he allowed another doctor whose license was temporarily suspended to assist him.
To begin with it was obviously an inducing feature to the Legislature to pass this act to place great emphasis on the fact that this act was for the discipline of the profession for the good of society. The action taken here goes far beyond discipline and amounts to taking property by an administrative board without full judicial review. We have long held that a license to practice medicine is a property right. See State ex rel. Estep v. Richardson, 148 Fla. 48, 3 So.2d 512 (1941).
For the reasons herein stated I dissent.