OWEN, Judge.
These three consolidated appeals arise out of three separate legal proceedings which had sought either directly or indirectly to attack the validity of an administrative order which had become final before any of such proceedings were filed.
For many years Carl D. Buchanan had been Chief of Police of Winter Park subject to the civil service provisions of F.S. Chapter 174, F.S.A. On September 16, 1965, the civil service board of the City of Winter Park created within the police department the temporary position of director of public safety, and on the same date the City of Winter Park entered into a contract with Buchanan whereby he was to be employed in the new position until it terminated on January 1, 1967. A few weeks thereafter the city discharged Buchanan on the basis of charges preferred against him and pursuant to the provisions of F.S.1965, Section 174.11 et seq., F.S.A., Buchanan appealed to the civil service board and received a full hearing. On December 30, 1965, the civil service board rendered its order affirming the city’s action in discharging Buchanan.
He then applied to the Circuit Court of Orange County for writ of certiorari to obtain judicial review of this quasi-judicial administrative ruling. The order of the civil service board had been captioned or styled “Civil Service- Board of the City of Winter Park, Florida v. Carl D. Buchanan”, and apparently as a consequence of this clerical error in caption, Buchanan’s petition for certiorari filed in the circuit court named the Civil Service Board of the City of Winter Park, Florida as respondent. The circuit court dismissed the petition for cer-tiorari because the Civil Service Board of the City of Winter Park, Florida was not a legal entity cognizable by the court to be served as a party respondent and because necessary and indispensable parties to the proceedings, namely, the secretary of the civil service board and the City of Winter Park, were not made parties or served in accordance with the Florida Appellate Rules. That order of dismissal was appealed to this court which in turn dismissed the appeal on December 1, 1966. Buchanan *862 v. Civil Service Board, Fla.App.1966, 193 So.2d 240. The appellate remedies thus being exhausted the merits of the order became res judicata. Cf. Rubin v. Sanford, Fla.App.1964, 168 So.2d 774.
At this point appellant apparently retained his present counsel who launched a series of legal proceedings resulting in the present appeals.
The first was a suit against the City of Winter Park alleging breach of the contract of employment. The city’s affirmative defense was that the contract had been terminated for cause under the Civil Service Regulations. On the basis of certified copies of the civil service proceedings a summary final judgment was entered on behalf of the city. The appeal from this judgment is No. 1727.
While the breach of contract suit was still pending, Buchanan filed with the civil service board a petition requesting the entry of an order expunging as void the prior order of December 30, 1965, or requesting in the alternative the entry of a corrected order properly setting forth in the caption thereof the names of the proper parties to the proceeding. When the board entered its order declining to do so, Buchanan filed in the circuit court a petition for writ of mandamus to require such an order and also filed a petition for writ of certiorari for judicial review of the board’s refusal to enter such corrective order. The circuit court order dismissing the petition for writ of certiorari resulted in appeal No. 1739, and the order dismissing the petition for writ of mandamus resulted in appeal No. 1755.
The primary issue involved in these three appeals is the validity of the board’s order of December 30, 1965. If it is void it is subject to collateral attack. State ex rel. Estep v. Richardson, 1941, 148 Fla. 48, 3 So.2d 512; 1 Fla.Jur., Administrative Law, § 143. Recognizing this, appellant argues various reasons why such order was void. Although it is our judgment that appellant has failed to demonstrate that such order was void, we will discuss briefly those grounds argued by appellant which are supported by authority.
Appellant first questions the board’s jurisdiction to enter the order. Appellant was clearly a permanent employee of the police department of the City of Winter Park and he was not a person “employed for temporary duty only” such as would exclude him from civil service under F.S. 1965, Section 174.03, F.S.A. He was a permanent employee occupying a position or grade within the police department which was temporary in nature.
Appellant next contends that the order of December 30, 1965, was void because it failed to contain a finding of jurisdiction. The instant case is distinguishable from authorities ■ relied upon by appellant because Chapter 174 does not require that such order contain findings of fact. Furthermore, as a factual matter the order did contain complete findings of fact which clearly established the board’s jurisdiction in the matter even though the order did not expressly state that the board found that it had jurisdiction.
Appellant next calls attention to the fact that the city had filed charges and specifications against Buchanan [designated as Count I], an act for which it had no lawful authority, and further, that the secretary of the civil service board had participated in the hearing and signed the order as to that Count. However, Count II of the charges and specifications was filed by the board through its secretary as provided by F.S.1965, Section 174.15, F.S.A., and there is no showing that the secretary voted in the proceedings concerning Count II. The order of December 30, 1965, found the charges and specifications under both counts to have been proven. The written charges preferred under Count II were according to law, Arnold v. State ex rel. Mallison, 1941, 147 Fla. 324, 2 So.2d 874, *863 and provided a sufficient valid basis for the order.
Finally, appellant urges most strongly that the clerical error in the caption of the order was sufficient to invalidate it and in any event was the cause of appellant being denied his right to judicial review on the merits. An error in the caption of the order does not invalidate it. See Seaboard Air Line Ry. v. Harby, 1908, 55 Fla. 555, 46 So. 590; 49 C.J.S. Judgments § 62. Neither did the erroneous caption on the order deny to appellant his right to judicial review on the merits. When the petition for certiorari was filed in the circuit court to review the board’s order of December 30, 1965, the proper parties to be named as respondents in such proceeding were established by law and not by the caption or style of the order. See Headley v. Lasseter, Fla.App.1962, 147 So.2d 154.
 The trial court correctly held that the order of the civil service board established as a matter of law the city’s defense to Buchanan’s suit for breach of the employment contract. Carol City Utilities, Inc. v. Miami Gardens Shopping Plaza, Inc., Fla.App.1964, 165 So.2d 199. Appellant did not show a clear legal right on his part, nor a clear legal duty on the part of the civil service board, to have an order entered either expunging the order of December 30, 1965, or restyling the same and thus the petition for writ of mandamus was properly dismissed. State ex rel. Eichenbaum v. Cochran, Fla. 1959, 114 So.2d 797. The petition for writ of certiorari which ostensibly sought judicial review of the order of the civil service board denying the request to expunge the record, in essence alleged the invalidity of the prior order of the civil service board rendered December 30, 1965, and was properly dismissed.
Judgment in appeal No. 1727, and the orders of dismissal in Nos. 1739 and 1755, are respectively affirmed.
Affirmed.
CROSS, C. J., and REED, J., concur.