372 So.2d 210 (1979)
Bernice McCARTY, Petitioner,
v.
ESTATE OF Elizabeth SCHULTZ, Respondent.
No. 78-2274.
District Court of Appeal of Florida, Third District.
June 26, 1979.
*211 Jerry A. Burns, Miami, for petitioner.
Young, Stern & Tannenbaum, North Miami Beach, for respondent.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
PER CURIAM.
Petitioner, Bernice McCarty, seeks review of an order denying her motion to quash and/or for protective order in connection with the taking of her deposition by the attorneys for the personal representative of the estate of Elizabeth Schultz, deceased.
Prior to the death of Elizabeth Schultz, Betty McCarty, a private duty nurse, attended the deceased and her sister, Reba. After the will of Elizabeth Schultz was admitted to probate respondent, Southeast First National Bank of Miami, was appointed representative. An investigation revealed that some estate assets were unaccounted for and Southeast, believing that Betty McCarty might have some knowledge of these assets, served her with a subpoena duces tecum for deposition requesting the following:
.....
"1. Copies of the Federal Income Tax Returns for 1975, 1976 and 1977.
"2. List of all monies received from Elizabeth and/or Reba Schultz during the years 1975, 1976 and 1977 and the first 3 1/3 months of 1978 by way of salary, gift, bonus or by any other means.
"3. Copies of your bank statements and cancelled checks from each banking institution and savings association in which you had monies on deposit for the years 1975, 1976 and 1977 and the first 3 1/2 months of 1978.
"4. Any and all copies of receipts received from any nursing registry for salary or commissions paid to you for your services rendered to Mrs. Elizabeth Schultz during the years 1975, 1976 and 1977 and the first 3 1/2 months of 1978.
.....
Petitioner filed a motion to quash and/or for protective order and contended that Southeast was using the subpoena simply as a vehicle to annoy her and to conduct a "fishing expedition". After a hearing, the trial judge denied the motion to quash and Betty McCarty filed the instant petition for writ of certiorari therefrom. We find error and reverse.
With regard to the scope of discovery Fla.R.Civ.P. 1.280(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant for *212 the subject matter of the pending action ..."
There is no adversary action to which petitioner is a party and the alleged sole purpose of the discovery is to determine if she has knowledge of the unaccounted for estate assets. Under the circumstances, we find that Betty McCarty is not required to produce her tax returns or bank statements in that they are not relevant to the subject matter. The instant subpoena duces tecum may not be used for a mere "fishing expedition" or general inquisitorial examination of the papers with a view to ascertaining whether something of value may or may not show up. See Imparato v. Spicola, 238 So.2d 503 (Fla.2d DCA 1970); Travelers Indem. Co. v. Salido, 354 So.2d 963 (Fla.3d DCA 1978).
Nevertheless, we find that items 2 and 4 requested in the subpoena could be relevant and, therefore, are within the scope of discovery.
The denial order is reversed as to items 1 and 3 and affirmed as to items 2 and 4 and the cause is remanded to the trial court for further proceedings consistent herewith.
Petition for Writ of Certiorari is granted in part and denied in part.