376 So.2d 37 (1979)
Gerald GOLDENBERG, Individually and As Trustee, et al., Appellants,
v.
DOME CONDOMINIUM ASSOCIATION, INC., a Florida Non-Profit Corporation, Appellee.
No. 79-715.
District Court of Appeal of Florida, Third District.
October 23, 1979.
Steel, Hector & Davis and Darrey A. Davis, Miami, for appellants.
Becker, Poliakoff & Streitfeld and Mark B. Schorr, Fort Lauderdale, for appellee.
*38 Before PEARSON and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal by defendants Gerald Goldenberg (individually and as trustee) and others, brings for review a summary final judgment which (1) declared void and unenforceable a cost-of-living rent adjustment provision of a condominium recreational lease, and (2) awarded a money judgment to the plaintiff-lessee condominium association against the defendants-lessor for all rent accruing under said cost-of-living adjustment provision of the lease which purported to become effective January 1, 1977. The amended final judgment also dismissed the appellants' counterclaim to collect unpaid rent with interest, costs and attorneys fees under the written lease between the parties.
Four points have been presented to us on this appeal:
(1) That the trial court erred as a matter of law in that it gave retroactive effect to the statutory prohibition against escalation clauses.
(2) That the trial judge erred in awarding a money judgment to the lessees against the lessor because the rent was voluntarily paid by the lessees.
(3) That the trial judge misconstrued the controlling provision of the declaration of condominium by holding that the declaration adopted subsequent amendments to Florida's Condominium Act, Chapter 718, Florida Statutes (1977).
(4) That the trial court erred in dismissing the counterclaim of the appellants-lessor.
The appellants' basic argument is that the prior statutory prohibition against the inclusion or enforcement of escalation clauses in recreational leases, Section 711.231, Florida Statutes (1975), was repealed at the time the subsequent (present) statutory prohibition, Section 718.401(8), Florida Statutes (1977), became effective, i.e., January 1, 1977, and that the escalation clause in the present lease, which also took effect on January 1, 1977, was thereby rendered valid. The appellants argue that this is so, because to hold otherwise would give Section 718.401(8), Florida Statutes (1977), retroactive effect. The appellants rely on Fleeman v. Case, 342 So.2d 815 (Fla. 1976), for the principle that prohibitions against escalation clauses in recreation leases are inapplicable retroactively.
We hold that such reasoning is fallacious because a statute which is simultaneously repealed and re-enacted is regarded as being continually in force. See McKibben v. Mallory, 293 So.2d 48 (Fla. 1974); and Florida Central and P.R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338 (1899). Escalation clauses in recreation leases have been void for public policy reasons in this state continuously since 1975. We cannot impute to the legislature, as suggested by the appellants, a purpose by the re-enactment of the prohibition in a slightly different form to postpone the effective date of the prohibition to January 1, 1977, the date Section 718.401(8), Florida Statutes (1977), took effect.
We have examined the record in the light of the appellants' second point and find that it does not present reversible error. The appellants' position that rents paid prior to the filing of the lawsuit were voluntarily paid and, thus, the illegality of the escalation waived, was a matter of defense which was not pled in the trial court. We cannot hold, as suggested by appellants, that voluntary payment was a necessary element of the appellee's cause, as plaintiff in the trial court. In order to present a prima facie case, all that is necessary for the plaintiff to do is to establish payment and illegality. If an exception is to be made and the payments held to be voluntary and, therefore, a waiver of the illegality, then such matter of defense should be pled and proved by defendants. "Waiver" must be raised specifically as an affirmative defense. See Fla.R.Civ.P. 1.110(d);[1] and *39 cf., e.g., Luckey v. Tornton, 171 So.2d 410 (Fla. 3d DCA 1965); and Fink v. Powsner, 108 So.2d 324 (Fla. 3d DCA 1958).
The appellants' third point does not present error because it clearly appears from a reasonable reading of the subject Declaration of Condominium that the Declaration adopted and incorporated subsequent amendments to the Condominium Act. See James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla. 1953); and Sheldon v. Tiernan, 147 So.2d 167 (Fla.2d DCA 1962). The governing language in the Declaration is effective to include amendments of the Condominium Act. See Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977).
The appellants have admitted that, in the event the appeal was affirmed under their first three points, then the question of the trial court's dismissal of the counterclaim would become moot.
Affirmed.
NOTES
[1] "Affirmative Defenses. In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense. [Emphasis supplied] * * *"