421 So.2d 573 (1982)
Michael L. SOLLOWAY, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION and Board of Medical Examiners, Appellee.
No. 81-615.
District Court of Appeal of Florida, Third District.
October 5, 1982.
Rehearing Denied December 1, 1982.
Horton, Perse & Ginsberg and Mallory W. Horton, Miami, for appellant.
Deborah J. Miller, Tallahassee, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Michael Solloway, M.D., appeals the revocation of his license to practice medicine by the Department of Professional Regulation, *574 Board of Medical Examiners. He alleges as error an unconstitutional ex post facto application of Section 458.331, Florida Statutes (1979), and the failure of the Board to determine the standards by which it found his conduct to be unprofessional. We find no merit to either contention and, consequently, affirm.
The revocation was based on a Board finding that Dr. Solloway began an exploitative sexual relationship with a twenty-two-year-old female on May 16, 1977, before he had properly terminated their psychiatrist/patient relationship.[1] The statute in effect at the time of the incident was Section 458.1201(1)(m), Florida Statutes (1977).[2] At the time the administrative complaint was filed, December 13, 1979, the foregoing statute had been replaced by Sections 458.331(1)(k), (t), Florida Statutes (1979).[3] The final order revoking Solloway's license to practice medicine concluded that a violation of Section 458.1201(1)(m), Florida Statutes (1977), as codified in Section 458.331(1)(t), Florida Statutes (1979), had occurred.
A statute that is simultaneously repealed and re-enacted is regarded as continually in force. Goldenberg v. Dome Condominium Association, Inc., 376 So.2d 37 (Fla. 3d DCA 1979); 1A SUTHERLAND § 23.13 (rev. 3d ed. 1972). Only provisions omitted from the reenactment are considered repealed. Gewant v. Florida Real Estate Commission, 166 So.2d 230 (Fla. 3d DCA 1964). The applicable provisions in both enactments of Chapter 458 are similar, and both proscribe the conduct that is the subject matter of this appeal. The legislature merely explicitly condemned conduct which had previously been implicitly condemned. An amendment and re-enactment of a statute constitutes a continuation of those provisions which are carried into the new act and permits a prosecution under the original act irrespective of its nominal repeal. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974); Raines v. State, 42 Fla. 141, 28 So. 57 (1900); Skinner v. State, 383 So.2d 767 (Fla. 3d DCA 1980).
Appellant's reliance on Lester v. Department of Professional and Occupational Regulations, State Board of Medical Examiners, 348 So.2d 923 (Fla. 1st DCA 1977), is misplaced. The Lester court, in construing the same 1977 statute, concluded that Section 458.1201 should be strictly construed with any ambiguity being interpreted in favor of the licensee, this being so because of the penal nature of the statute. We agree with that proposition of the law; however, in the case sub judice there is no ambiguity since we conclude that the acts giving rise to the revocation were contemplated within the original statutory scheme.
Appellant's second point concerns the definition of unprofessional conduct. He asserts that the Board's failure to enunciate rules specifically dealing with sexual relationships between psychiatrist and patient require reversal. This point is also without merit. Unprofessional conduct includes *575 "any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice." Case-by-case determination of prevailing standards is permissible. McDonald v. Department of Banking and Finance, 361 So.2d 199 (Fla. 1st DCA 1978).
The record supports the Board's finding that a fundamental ethical teaching in the psychiatric profession precludes sexual activity between a psychiatrist and his patient. Where the facts are obvious, specific findings are unnecessary. Little Man's Club v. Schott, 60 So.2d 624 (Fla. 1952).
For the foregoing reasons, the order of revocation is affirmed.
NOTES
[1] Her psychological problems, according to the Board's Recommended Order of November 12, 1980, were, in part, "serious sexual problems and an intense fear of male sexuality."
[2] § 458.1201(1)(m), Fla. Stat. (1977), reads:

(m) Being guilty of immoral or unprofessional conduct, incompetence, negligence, or willful misconduct. Unprofessional conduct shall include any departure from, or the failure to conform to the standards of acceptable and prevailing medical practice in his area of expertise as determined by the board, in which proceeding actual injury to a patient need not be established when the same is committed in the course of his practice, whether committed within or without this state.
[3] §§ 458.331(1)(k), (t), Fla. Stat. (1979), read:

(k) Exercising influence within a patientphysician relationship for purposes of engaging a patient in sexual activity. A patient shall be presumed to be incapable of giving free, full, and informed consent to sexual activity with his or her physician.
(t) Gross or repeated malpractice or the failure to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances. The board shall give great weight to the provisions of s. 768.45 when enforcing this paragraph.