## STATE OF FLORIDA v. PEDERSEN
### Case No. 82-168065
County Court, Palm Beach County
March 22, 1983

B. King, Asst. State Attorney, for plaintiff.

Jon M. Gutmacher, for defendant.

JAMES T. CARLISLE, County Judge, Criminal Division

This case presents the following issue: Whether the Department of Health and Rehabilitative Services' Rule 10D-42.28 was in effect on October 21. 1982, when Mr. Pedersen was arrested, and on October 28, 1982, when Mr. Pedersen's blood was tested for alcohol content.

\* \* \* \* \*

Prior to the 1982 session of the Legislature, Section 322.261(2)(a) F.S. provided tests to determine the alcohol content of a defendant's blood shall be administered in accordance with rules and regulations to be adopted by the Department of Highway Safety and Motor Vehicles after public hearing, specifying the test or tests approved for reliability of result and facility of administration and providing an approved method of administration. Section 322.262(3) F.S. provided that to be considered a chemical analysis of a person's blood or breath must have been performed according to methods approved by the Department of Health and Rehabilitative Services (HRS).

Pursuant to 322.261(2)(a) F.S. Highway Safety enacted Rule 15B-3.02 through 15B-3.07. The rules adopted by Highway Safety relate only to breath tests.

HRS promulgated Rule 10D-42-28 with respect to tests of whole blood for alcohol content. That Rule has been in effect since 1977. It provided as follows:

> "Unclotted whole blood shall be tested for alcohol using only methodology approved by the Department of Health and Rehabilitative Services based on one of the following two quantitative methods:
>
> (1) Alcohol Dehydrogenase
> (2) Gas Chromatography."

In 1982 the Legislature enacted 82-155. The provisions of 322.262 F.S. were transferred to Section 316.1934 F.S. That Section now reads as follows:

> "(3) A chemical analysis of a person's blood to determine alcoholic content or a chemical analysis of a person's breath, in order to be considered valid under the provisions of this section, must have been performed substantially in accordance with methods approved by the Department of Health and Rehabilitative Services and by an individual possessing a valid permit issued by the department for this purpose. Any insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render the test or tests results invalid. The Department of Health and Rehabilitative Services may approve satisfactory techniques or methods, ascertain the qualifications and competence of individuals to conduct such analyses, and issue permits which shall be subject to termination or revocation in accordance with rules adopted by the department." (Underlined portions represent areas where 316.1934 differs from 322.262(3) F.S.)

Mr. Pedersen was arrested October 21, 1982. A blood sample was taken and tested on October 28, 1982, showing a .18 blood alcohol. He now contends the amendment and transfer effected by Chapter 82-155 results in there not being in existence any HRS rules approving chemical tests after the effective date of Chapter 82-155 on July 1, 1982. See also 316.1933(2)(b) F.S.

This contention is absurd. Chapter 82-155 required HRS to do nothing more than it had already done when it promulgated Rule 10D-42.28 in 1977. HRS is not required to conduct a whole new spate of hearings and promulgate new rules every time the statute is amended or relocated.

Highway Safety has been relieved of the responsibility of establishing proper testing methods. HRS, the same agency which always carried

this burden, continues to do so. There is no inter regnum. There is no hiatus.

Be that as it may, HRS enacted emergency Rule 10DER 82-149:

"Unclotted whole blood shall be tested for alcohol using one of the following quantitative methods:

(1)   Alcohol Dehydrogenase
(2)   Gas Chromatography."

Finally, HRS adopted a new rule as of March 8, 1983:

"Unclotted whole blood shall be tested for alcohol using one of the following quantitative methods:

(1)   Alcohol Dehydrogenase
(2)   Gas Chromatography."

There is no essential difference between the rule in effect since 1977, the emergency rule, and the new rule. The requirements applicable to Mr. Pedersen's tests have been the same throughout. Mr. Pedersen suffered no prejudice. The purpose of these rules is to ensure reliable scientific evidence for use in court proceedings and to protect the health of those persons being tested. *State v. Bender.* 382 So.2d 697 (S.Ct. 1980). The new rule and the emergency rule serve this purpose, and the 1977 rule in effect at the time Mr. Pedersen was arrested and tested is as good as old time religion. The rules are identical. Even if the rule had been repealed and re-enacted as a renumbered section, which is not the case here, the result would be the same. Amendment and re-enactment of a statute constitutes a continuation of those provisions which are carried into the new act and permits a prosecution under the original, irrespective of its nominal repeal. *Solloway v. Department of Professional Regulation,* 421 So.2d 573 (3rd DCA 1983).

The amendment and relocation of the statute did not effect the repeal of HRS Rule 10D-42-28. Rules and regulations of an administrative agency are subject to the same principals of construction as apply to statutes. *Miller v. United States,* 294 U.S. 435, 79 L.Ed. 977, 55 S.Ct. 440. *Gasson v. Gay,* 49 So.2d 525 (S.Ct. 1050), 1 Fla.Jur.2d Administrative Law Sec. 57. It is a well settled rule of statutory construction that repeal by implication is not favored. Repeal will not be implied unless there is irreconcilable conflict between the earlier and the later statutes. *Vance v. Indian Hammock Hunt and Riding Club,* 403 So.2d 1367 (4th DCA 1981). *Carcaise v. Durden,* 382 So.2d 1236 (5th DCA 1980). *Town of Indian River Shores v. Richey,* 348 So.2d 1 (S.Ct. 1977). A case squarely on point is *California Drive-In Restaurant Association v. Clark,* 140 P.2d 657 (S.Ct. of California 1943).

The notion that legislative incantations, by some inadvertent alchemy, caused HRS Rule 10D-42-28 to melt, thaw and resolve itself into a dew cannot stand in the light of elemental rules of statutory construction. The Motion to Supress is denied.