JORGENSON, Judge.
The Florida Department of Professional Regulation, Board of Dentistry, filed an administrative complaint against Dr. Lawrence R. Engel. During the course of those proceedings Dr. Engel sought to take the deposition of four dentists who the Department alleged had knowledge of facts and circumstances supporting the complaint.[1] The Department filed a motion to quash the subpoenas, alleging that Dr. Engel must tender expert witness fees in advance of the depositions. Following a telephonic hearing[2] on the motion to quash, the hearing officer granted the motion and entered an order quashing the subpoenas. For the reasons which follow, we grant certiorari and quash the hearing officer’s order.
Neither the motion nor the order cite to any authority which would require Dr. En-gel to pay expert witness fees in advance of the depositions. The effect of the order is to deny Dr. Engel any ability to discover the Board’s case and is a departure from the essential requirements of law. See Williams v. Florida Department of Commerce, Division of Employment Security, 374 So.2d 1158 (Fla. 3d DCA 1979); Drogaris v. Martine’s, Inc., 118 So.2d 95 (Fla. 1st DCA 1960); see also State ex rel. Munch v. Davis, 143 Fla. 236, 196 So. 491 (1940) (if the accused in an administrative hearing is not granted the right to examine evidence offered against him due process of law is violated).
The granting of a license to practice dentistry creates a property right vested in the holder. See State ex rel. Estep v. Richardson, 148 Fla. 48, 3 So.2d 512 (1941); State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147 (1930); Solloway v. Department of Professional Regulation, 421 So.2d 573 (Fla. 3d DCA 1982); Florida State Board of Medical Examiners v. James, 175 So.2d 815 (Fla. 3d DCA 1965).
The disciplinary action against Dr. Engel is penal in nature and, therefore, he must be afforded a full opportunity to answer the charges and conduct an investigation as to the merits of the case. See State ex rel. Munch; Pattishall.
The Florida Supreme Court in enunciating what procedure should be followed in a proceeding to revoke a dentist’s license to practice dentistry said:
It is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, *956 and the proceedings are conducted in a fair and impartial manner, free from any suspicion of prejudice, unfairness, fraud or oppression.
State ex rel. Williams v. Whitman, 116 Fla. 196, 207, 156 So. 705, 710 (1934).
We deem it oppressive to require a respondent in an administrative hearing to pay expert witness fees in advance of deposition. The policy implications of Florida Rule of Civil Procedure 1.280(b)(3)(C) (and Federal Rule of Civil Procedure 26(b)(4)(c)) “that it is unfair to let one party have what the other party has paid for,” Worley v. Massey-Ferguson, Inc., 79 F.R.D. 534, 542 (N.D.Miss.1978) (citations omitted), are not present in the case sub judice.[3] As the court in Worley pointed out the introductory phrase of Federal Rule 26(b)(4)(c) (analogous to Florida Rule 1.280(b)(3)(c)) “ ‘unless manifest injustice would result . .. ’ the party seeking discovery shall pay . .. suggests that the court has the discretionary authority not to require such payment under appropriate circumstances," Id. at 542 (emphasis added).
We hold that given the penal nature of the proceedings these are “appropriate circumstances” in which payment of expert witness fees should not be required prior to the deposing of the experts.
We note that Dr. Engel may ultimately be responsible for these costs. See § 92.-231, Fla.Stat. (1981); Fla.R.Civ.P. 1.280(b)(3)(C), 1.390(c).
Certiorari granted and order under review quashed.

. Two of the dentists whose depositions are sought are on contract to the Board of Dentistry for the specific purpose of consulting with the Board and testifying at administrative proceedings such as the case sub judice. They are unquestionably expert witnesses within the meaning of Florida Rules of Civil Procedure 1.280(b)(3)(C) and 1.390. The other two doctors may or may not be expert within the meaning of the foregoing rules. See Congrove v. St. Louis-San Francisco Ry. Co., 77 F.R.D. 503 (W.D.Mo.1978). See also Frantz v. Golebiewski, 407 So.2d 283 (Fla. 3d DCA 1981) (analysis of Fla.R.Civ.P. 1.280(b)(3)).

. While we applaud the use of telephonic hearings in an effort to reduce the cost of litigation, we strongly suggest that such hearings be reported so that a proper record of the proceedings can be maintained.

. A trial court in a civil case may issue an order requiring payment to a party whose expert is made subject to discovery of a fair portion of fees and expenses that the party incurred in obtaining information from the expert as a condition of discovery. See Fed.R.Civ.P. 26(b)(4); 1 J. Moore, K. Kovalsik, L. Folkman, Moore’s Federal Practice 1983 Rules Pamphlet para. 26.4(b)[9] (1983).