813 So.2d 250 (2002)
SCOTTSDALE INSURANCE CO., a foreign insurance company, Petitioner,
v.
CAMARA DE COMERCIO LATINO-AMERICANA DE LOS ESTADOS UNIDOS, INC., a Florida not-for-profit corporation, f/k/a Latin Chamber of Commerce Usa, Inc., a Florida not-for-profit corporation, Joaquin Crespo d/b/a Watts Electric, and David Remus, Respondents.
No. 3D02-290.
District Court of Appeal of Florida, Third District.
April 10, 2002.
*251 Anthony J. Russo and L. Andrew Watson, Tampa, for petitioner.
Mesa & Pereira, Carlos A. Mesa, and Jorge L. Pereira, Coral Gables; Raul Cossio Del Pino; and Michael C. Gongora, Miami Beach, for respondents.
Before COPE, LEVY, and RAMIREZ, JJ.
RAMIREZ, J.
Scottsdale Insurance Company petitions this Court for a writ of certiorari to quash an order compelling it to turn over its claim file and submit its counsel and corporate representative to deposition. Because the issue of coverage is still pending, as is the third-party claim, we grant the petition.
Scottsdale issued a policy of liability insurance to Latin Chamber of Commerce USA, Inc. David Remus sued Latin Chamber on a premises liability claim and Scottsdale hired attorney Bart Cozad to defend Latin Chamber in that underlying action. The trial was bifurcated into liability and damages. Cozad represented Latin Chamber during the liability portion of the trial. On May 10, 2001, the trial court entered a partial final judgment of liability against Latin Chamber. The damages portion of the case has yet to be tried, and is presently stayed. Cozad continues to represent Latin Chamber.
On September 19, 2001, Scottsdale filed a Complaint for Declaratory Judgment alleging that, based on an exclusion in their insurance contract, no coverage exists for Latin Chamber's liability to Remus. The trial court has stayed the underlying personal injury action and imposed a 45-day discovery period in the declaratory judgment action. Remus sought (1) discovery of Scottsdale's claims files; (2) the deposition of attorney Cozad; and (3) the deposition of a corporate representative of Scottsdale. The next day, Scottsdale filed an Emergency Motion for Protective Order, which, three days later, the trial judge denied.
We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A). Certiorari is appropriate where the trial court has ordered production of (1) an insurer's claims file prior to a determination of coverage, and (2) where the trial court has ordered production of privileged communications. See, e.g., Federal Ins. Co. v. Hall, 708 So.2d 976 (Fla. 3d DCA 1998).
When the issue of insurance coverage is unresolved and at issue in pending court proceedings, a trial court must not order an insurer to produce its claims files and other work product documents. See State Farm Fire & Cas. Co. v. Wheeland, 648 So.2d 297 (Fla. 3d DCA 1995). See also State Farm Fire & Cas. Co. v. Valido, 662 So.2d 1012 (Fla. 3d DCA 1995)(quashing order compelling discovery of insurer's claims files, internal claims documents, and work product when coverage was at issue). This same reasoning and authority necessarily applies to the testimony that the Scottsdale corporate representative will be asked to provide at his or her deposition. See Balboa v. Vanscooter, 526 So.2d 779 (Fla. 2d DCA 1988). The corporate representative may testify, but cannot be compelled to testify as to the privileged matters. This declaratory action is a first-party suit regarding insurance coverage. Until this question of coverage is determined, production of the claims file is premature.
Nor is a third party, like Remus, entitled to the liability insurer's claims file. Neither the insured nor the injured third party is entitled to discovery of the claims *252 file in a declaratory action to determine coverage, because the claims file is the insurer's work product. See Valido, 662 So.2d at 1013 (holding insurer's investigative materials were work product). Moreover, the contents of the claims file are irrelevant to the question of whether the policy obligates the insurer to defend or indemnify the insured for some particular loss or liability. Id. Additionally, deposing opposing counsel in the midst of an ongoing proceeding is generally offensive to our adversarial system and is an extraordinary step which will rarely be justified. State v. Donaldson, 763 So.2d 1252, 1254 (Fla. 3d DCA 2000).
The discovery sought is of dubious relevance and no showing has been made for its need in a declaratory action which presents legal issues and will likely be decided on the court's interpretation of the insurance contract and the type of action pursued by Remus. Counsel for Remus and Latin Chamber are not entitled to utilize the discovery process for a "mere fishing expedition or general inquisitorial examination of [their opponent and his] papers with a view to ascertaining whether something of value may or may not show up". McCarty v. Estate of Schultz, 372 So.2d 210, 212 (Fla. 3d DCA 1979).
The respondents argue that we should deny the petition because Scottsdale failed to comply with Florida Rule of Civil Procedure 1.280(b)(5) and, pursuant to TIG Ins. Corp. of America v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001), we should hold that the insurer's failure to prepare a privilege log resulted in a waiver of any attorney-client and work-product privileges. While we agree that Scottsdale should have prepared such a log, we nevertheless initially reject the argument because it was never made to the trial court. A review of the transcript reveals that rule 1.280(b)(5) was never even mentioned and that the trial court based its ruling on the fact that Latin Chamber was waiving its attorney-client privilege and Scottsdale could not therefore prevent the discovery sought. This was error, as the work-product privilege belongs solely to Scottsdale and cannot be waived by the insured, Latin Chamber.
Even if the court had been presented with the argument, there would be no basis to find waiver under the circumstances. The discovery in Johnson had been outstanding for over a year. In contrast, the discovery request in our case had been pending for only three days.
We therefore grant the petition for certiorari and quash the order denying Scottsdale's motion for protective order.