COBB, J.
The petitioner, Liberty Mutual Fire Insurance Company (insurer), seeks certiora-ri review of a discovery order of the trial court asserting that the ordered discovery is unduly burdensome, seeks irrelevant information, and seeks information protected by the attorney-client and work-product privileges.
The respondents, Marsha Hanson (insured) and Heather Kinsey (Hanson’s daughter) filed suit against the insurer seeking uninsured motorist benefits under an insurance contract between the insured and insurer for injuries resulting from an automobile accident involving Heather Kinsey and an uninsured motorist. The insurer asserted in its answer that all conditions precedent to collect under the contract were not met. Specifically, the insurer alleged that Kinsey, at the time of the accident, was not an insured because she was not a “resident” in the insured’s Nevada household.
The insured filed a request for production asking that the insurer produce, inter alia:[1]
A. Copies of coverage opinions defining the terms “resident,” “residence” or “residency.”
B. Copies of any lawsuit where the insurer was sued or sought declaratory relief involving the terms “resident,” “residence” or “residing.”
The insurer objected to this discovery asserting these requests were unduly burdensome, over-broad and the documents were protected work-product and attorney-client communications. The insured filed a motion to compel.
The trial court granted in part the insured’s motion to compel discovery including:
2. Defendant (insurer) shall produce “copies of all coverage opinions which define resident, residence, and residing, other than those prepared by defense counsel for this case for a thirty (30) month period prior to this lawsuit, or length of time plaintiff (insured) has had insurance with the defendant, whichever is greater.”
3. Defendant shall produce “copies of any lawsuits wherein the defendant has been sued or has sued involving coverage questions relating to the term or meaning or resident, residence, and residency in Florida and Nevada for a thirty (30) day month period prior to this lawsuit or length of time plaintiff has had insurance with the defendant, whichever is greater.”
On June 7, 2002, the insurer filed the instant petition.
We hold that the portion of the order to produce “copies of all coverage opinions which define resident, residence, and residency ...” on its face requires the disclosure of protected work-product. See Shell Oil Co. v. Par Four Partnership, 638 So.2d 1050 (Fla. 5th DGA 1994)(when communications appear on their face to be privileged, the party seeking disclosure bears the burden of proving that they are not). See, e.g., Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240, 1243 (Fla. 5th DCA 2002). The trial court departed from the essential requirements of the law in ordering disclosure of this protected work-product.
As to that part of the order requiring disclosure of “copies of lawsuits where *1015 in the defendant has been sued ...” this information could be obtained by the insured through the court system. The insured has alternative means to obtain this information. Therefore, the trial court departed from the essential requirements of the law in ordering the insurer to do the insured’s leg work. See generally Fla. R. Civ. P. 1.280(b)(3) (party must demonstrate need and hardship to obtain trial preparation materials).
Accordingly, we grant the petition for writ of certiorari and quash the discovery order as it relates to the requests in question.
PETITION GRANTED; ORDER QUASHED.
HARRIS and ORFINGER, R.B., JJ., concur.

. The insurer only challenges the order as it relales to these two requests.