907 So.2d 577 (2005)
Kelly MATLACK, Petitioner,
v.
James DAY, Respondent.
No. 5D04-2978.
District Court of Appeal of Florida, Fifth District.
July 15, 2005.
*578 Thomas C. Smith, of Hassell, Moorhead & Carroll, Daytona Beach, for Petitioner.
David J. Volk and Michael E. Dujovne, of Volk Law Offices, P.A., Melbourne, for Respondent.
PER CURIAM.
Petitioner, Kelly Matlack ["Matlack"], seeks certiorari review of an order denying her motion for protective order. Matlack is a defendant in a civil action filed by the plaintiff-respondent, James A. Day ["Day"]. Day alleges that Matlack negligently operated a motor vehicle that collided with his motor vehicle causing him personal injury. Importantly, he also claims damages for the cancellation of his insurance policy and the increase in premiums under his replacement policy.
Day's counsel served a subpoena duces tecum upon Lynda Lewis, the underwriting team leader for State Farm. State Farm was the insurance carrier for both Day and Matlack on the day of the accident. The subpoena requested that Lewis bring to the deposition:
1. All documents regarding James Day, Kelly Matlack, or their automobile accident.
2. Documents which show premiums charged by the State Farm Insurance Companies for motorists in Brevard County, Florida.
Matlack filed a motion for protective order asserting:
The deposition can serve no purpose to the subject litigation and the requested documents can serve no purpose to the subject litigation. The Deposition is burdensome, harassing and would be irrelevant. The subject litigation does not involve bad faith, nor could a cause of action exist, and therefore the file of an insurance company cannot be discovered.
The trial court denied Matlack's motion for protective order. We grant the writ. Day has no basis to discover material in State Farm's files pertaining to Matlack. See Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., 813 So.2d 250 (Fla. 3d DCA 2002). As Matlack argues, there is no circumstance asserted that would overcome the work product immunity for those documents. As for documents pertaining to Day held by State Farm in its capacity as Day's insurer, we cannot see how the documents could reasonably be calculated to lead to admissible evidence. Presumably, these documents as well as the requested documents pertaining to premiums charged in Brevard County are being sought in connection with Day's claim that the accident caused by Matlack caused Day's insurance to be cancelled and his premiums to increase. First, Florida does not recognize such a damage claim in a tort case. See Southland Const. v. Greater Orlando Aviation, 860 So.2d 1031, 1034 (Fla. 5th DCA 2003). The absence of foreseeability and causation in such a claim is an impossible obstacle. If State Farm wrongfully cancelled Day's insurance, or if excessive premiums have been charged, *579 Day has separate remedies against the insurer, but they are not an available element of damage against the driver alleged to be at fault in causing the accident. The protective order should have been granted.
WRIT GRANTED.
SAWAYA, J., concurs.
GRIFFIN, J., concurs and concurs specially, with opinion.
THOMPSON, J., dissents, with opinion.
GRIFFIN, J., concurring specially.
I write to address some of the concerns expressed in the dissent.
The dissent contends we should deny the petition because Matlack did not assert a work product immunity in seeking a protective order directed to State Farm's claim files. But Matlack did make that argument by pointing out to the trial court that Day had no right to the insurer's claim files because this was not a bad faith case. These two arguments are in substance the same. Everybody knows, or should know, that a claim file in a third-party liability case such as this one is not discoverable prior to entry of an excess judgment. Discovery of the defendant insured's claim file maintained by the insurer is only allowed in a bad faith suit, which in turn must follow entry of an excess judgment against the insured. As was first explained by the Third District Court in Boston Old Colony Insurance v. Gutierrez, 325 So.2d 416, 417 (Fla. 3d DCA 1976), the reason an insurer's file is discoverable by a third party (such as Day) in a bad faith case is that after the plaintiff obtains a judgment and becomes a judgment creditor, he steps into the shoes of the insured. Because the insured has the right to materials prepared on his behalf in anticipation of litigation, that third-party also gets access, but only in a bad faith case. See, e.g., Continental Cas. Co. v. Aqua Jet Filter Sys., Inc., 620 So.2d 1141, 1142 (Fla. 3d DCA 1993).
Indeed, this point was not even contested by Day's counsel. In response to the court's question as to why counsel for Day wanted to take the deposition of the State Farm claims representative, counsel replied: "Judge, my client was insured by State Farm. I'm not primarily looking to get Ms. Matlack's file. My client was insured by State Farm and got cancelled by State Farm because Matlack ran into his vehicle and I want to see their file as to him.... I want to ask why did he get cancelled? What were the risks? What are the factors? Why did he get cancelled? Did it have to do with this Matlack accident? And that's critically important to my case. Otherwise, I've got to prove it through hearsay." Notwithstanding that response, the trial court denied the motion for protective order in its entirety.
The dissent also contends that certiorari should be denied because Matlack did not provide Day with a "privilege log" prior to the hearing on the motion for protective order. This argument fails for several reasons. First of all, Matlack was not the custodian of the documents and it is doubtful she could have gotten access to them. More importantly, the imposition of waiver as a sanction for failure to produce a privilege log ought not to apply where the assertion of the privilege of immunity is not document-specific, but category-specific and the category itself is plainly protected. Matlack had no obligation to obtain and catalog State Farm's claim file as a predicate to objecting to this deposition and document production.
Finally, the dissent argues that, to the extent the subpoena duces tecum only sought documents pertaining to the cancellation of Day's insurance coverage, *580 Matlack suffered no cognizable harm that would give her the right to seek a protective order. I recognize that Florida courts are less likely to grant certiorari relief when discovery does not directly invade a privilege or immunity, but is "only" unduly burdensome, irrelevant or oppressive. While I agree that there is a qualitative distinction, I do not agree that we lack the right to protect a litigant from such discovery abuses, and we frequently do so. Here, from Matlack's perspective, scheduling the deposition of State Farm's underwriting agent in the middle of Day's liability suit against Matlack was about as irrelevant, burdensome and oppressive as if he had scheduled the deposition of Matlack's dentist. Neither one has anything whatsoever to do with any claim cognizable under Florida law and Matlack should not have to bear the time and expense to participate.
THOMPSON, J., dissenting.
I respectfully dissent. The sole issue before this court is whether the trial court's order on discovery afforded procedural due process and observed the essential requirements of law. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). See also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987) (stating that for a non-final order to be reviewed if appeal is not provided by Rule 9.130, "the order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal"). Accord Old Republic Nat'l Title Ins. Co. v. HomeAmerican Credit, Inc., 844 So.2d 818, 819 (Fla. 5th DCA 2003) ("the applicable standard of review is whether the challenged order is a departure from the essential requirements of law, which causes the petitioner material injury throughout the lawsuit, leaving the petitioner with no other adequate remedy to review the alleged erroneous order"). Here, I cannot say that the Haines City and Martin-Johnson standard of review has been met because the arguments made to this court in the petition for writ of certiorari were not made to the trial court. Therefore, the trial court did not err when it ruled based upon the arguments expressed below. Because none of the arguments presented to the trial court vested this court with certiorari jurisdiction, I would deny the petition.
As stated in the majority opinion, Day sought State Farm files in the possession of Lynda Lewis. However, the motion for protective order filed on behalf of Matlack did not seek protection under the attorney-client privilege or work-product doctrine. It only claimed that the requested discovery was burdensome, harassing, irrelevant, and not related to a bad faith action. Not only did Matlack fail to assert a privilege, Matlack also failed to submit a privilege log as required by Florida Rule of Civil Procedure 1.280(b)(5).[1] At the hearing on the motion for protective order, Matlack claimed no privilege. Defense counsel argued that the litigation was not a bad faith action against the insurer, and the requested discovery was a fishing expedition against the insurer.
*581 A privilege log is not necessary if a claim of attorney-client privilege is raised and the discovery request on its face calls for attorney-client communications. Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240 (Fla. 5th DCA 2002). In the instant case, though, the attorney-client privilege was not raised before the lower court, and unlike Hess, the discovery request did not specifically ask for attorney-client communications. See Hess, 814 So.2d at 1243. See also Liberty Mut. Fire Ins. Co. v. Hanson, 824 So.2d 1013 (Fla. 5th DCA 2002); Shell Oil Co. v. Par Four Partnership, 638 So.2d 1050 (Fla. 5th DCA 1994). The failure of Matlack to raise the attorney-client privilege or work-product doctrine and submit a privilege log operates as a waiver of privilege and precludes relief from the appellate court on certiorari review. See TIG Ins. Corp. of Am. v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001) (failure to provide privilege log where claims file is requested during discovery operates as a waiver of attorney-client privilege).
The majority relies upon Scottsdale Insurance v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., 813 So.2d 250 (Fla. 3d DCA 2002), to support the argument that failure to comply with Rule 1.280(b)(5) by preparing a privilege log does not constitute a waiver of any attorney-client and work product privileges. I think the case is inapposite on that point. Scottsdale Insurance involved a complaint for declaratory judgment to determine whether there was insurance coverage. Id. at 251. The petitioner sought discovery of the insurer's claim file, the deposition of the insurance carrier's attorney, and the deposition of a corporate representative. Id. The court held that "[w]hen the issue of insurance coverage is unresolved and at issue in pending court proceedings, a trial court must not order an insurer to produce its claims files and other work product." Id. More important to the pending case, the court, addressing the issue of the privilege log, ruled that the argument had not been made to the trial court and could not then be made on appeal. Id. at 252. In this case, insurance coverage is not disputed. Moreover, during the hearing, Matlack never raised any argument concerning privilege.
Matlack, in the motion for protective order, claimed that the underlying action was not one alleging bad faith. That objection is generally raised by an insurer-defendant who is being sued over a coverage dispute when a bad faith claim is premature at that point. See, e.g., Old Republic, 844 So.2d 818. It is not the type of objection that Matlack, the defendant driver in a tort action, should make.
As to the claim file for Day's former policy and the other discovery concerning premiums in Brevard County, Florida, State Farm, as a non-party, should have filed its own motion for protective order. Matlack, the defendant driver, does not have possession of those documents and does not have standing to argue that they are irrelevant and burdensome and not discoverable in the absence of a bad faith action.
I would deny the petition for certiorari review because Matlack neither clearly raised a claim of privilege nor supplied a privilege log. Although the attorney-client privilege is an important right and essential to the adversary system of jurisprudence, the privilege must be properly raised in the trial court or it is deemed waived. Bankers Sec. Ins. Co. v. Symons, 889 So.2d 93, 96 (Fla. 5th DCA 2004) (stating that if party does not submit a privilege log within a reasonable time before hearing on motion to compel in response to a clam of work-product privilege, trial *582 court can be justified in finding a waiver of the claim of immunity from discovery because there is no basis on which to assert the claim). In this case, the record is clear Matlack never presented a privilege log, thus waiving the privilege. See Rule 1.280(b)(5). The other requested discovery for documents not in Matlack's possession would only prove burdensome to the non-party deponent and were not properly objected to by the non-party deponent. See Engel v. Rigot, 434 So.2d 954 (Fla. 3d DCA 1983) (Pearson, J., concurring) (whether it is apodictic that one who is a party has no standing to object to a subpoena issued to a non-party witness unless that subpoena asks for documents in which the party claims some personal right or privilege or asks for documents in the party's possession).
I agree with the holding in Southland Construction, Inc. v. Greater Orlando Aviation, 860 So.2d 1031 (Fla. 5th DCA 2003). However, it is not this court's role to rule on the merits of Matlack's complaint or the viability of her case at this juncture. This court's role when reviewing a writ of certiorari is constrained, and we should exercise our discretion cautiously. Haines City, 658 So.2d at 528. As the Florida Supreme Court stated:
The required "departure from the essential requirements of law" means something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice. The writ of certiorari properly issues to correct essential illegality but not legal error.
Id. at 527.
The trial court's ruling was consistent with Florida law and was not "essentially illegal." In Martin-Johnson, 509 So.2d at 1100, the Florida Supreme Court stated that discovery orders that violate the rules of evidence are correctable in a plenary appeal. Only those that violate fundamental rights create certiorari jurisdiction in an appellate court. Id. Since the trial court did not commit legal error when it ruled based upon the limited non-privileged arguments presented to it, I would deny the certiorari appeal.
NOTES
[1] Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.