BOYD, Justice.
This cause is before us on petition for writ of certiorari to review Order No. 4487 of the Florida Public Service Commission, dated December 31, 1968.
The City of Miami, petitioner herein, was granted leave to intervene in the proceedings before the Commission to determine the reasonableness of the rates and earnings of the Florida Power and Light Company. Thereafter, on October 18, 1968, the City filed a motion with the Commission for the production for inspection by the City of books and records underlying certain exhibits which the Power Company proposed to introduce in the proceedings. The Commission denied this motion by Order dated November 11,1968, holding:
“In summation, Commission Rule 310— 2.88 should be interpreted and used in the same manner as the almost identical Florida Rule 1.350 and Federal Rule 34. The burden rests upon the party desiring to utilize the rule in that he must show that those documents and papers he wishes to be produced for inspection are relevant to the proceeding, and not merely for the purpose of a ‘fishing expedition’; that good cause for producing is shown; and, that the documents and papers are specified with reasonable particularity. Unless the movant complies with all of the three requirements, the motion should be denied.
“After due consideration of the motion filed herein, the response made thereto, and the oral argument presented, the Commission finds that the City of Miami has wholly failed to sustain the burden of establishing that the documents it seeks to have produced are relevant to the issues of this investigation; that it has failed to designate with any degree of clarity the material it seeks to examine; and, that the main ground for the motion is that the city may be able to find error in the records of the company. >fc sj; % )>
No petition for reconsideration or review of this Order was sought.
A second motion was filed November 27, 1968, requesting production for inspection of “all the pertinent books and records of original entry underlying the two summary items: Operating Expenses $126,686-997; Income Tax: Normal $37,917,249.” The Commission denied this motion in Order No. 4487, dated December 31, 1968, stating:
“The Commission finds that the mere designation of an exhibit number by the movant does not satisfy the requirements for designation as was fully explained in our previous order herein set forth in detail and which is re-adopted as a portion of this order. The remaining grounds relied on by the City in support of this motion, i.e., to prepare the City for cross-examination of company witnesses and prepare for the presentation of rebuttal testimony were fully considered and disposed of in Order No. 4450, and are again found to be insufficient grounds for the granting of the Motion. * * ”
Petitioner contends that the Commission in entering Order No. 4487 has departed from the essential requirements of law and that any party to a proceeding is entitled to inspect the books and records underlying summary figures offered in evidence by any other party.
Rule 310-2.88 of the Rules and Regulations of the Public Service Commission provides:
“310-2.88. Discovery and Production of Documents and Things for Inspection, *219 Copying or Photographing. — Upon motion of any party to a formal proceeding pending before the commission, showing good cause therefor and upon notice to all other parties, the commission may require any party to produce and permit the inspection and copying or photographing of any designated documents, papers, hooks, accounts, letters, photographs objects, or tangible things, not privileged, to the same extent, in the same manner, and for the same purpose as authorized by the Florida Rules of Civil Procedure.”
Under this rule parties to a proceeding may be required to produce designated books and records for inspection. The party requesting the inspection must, however, show good cause therefor, relevancy and specifically designate the books and records to be inspected.
In the instant case the City requested inspection of all pertinent books and records of original entry underlying the summary items (a) and (b) in petitioner’s exhibit No. 7, for the purpose of preparing for cross-examination of the company’s witnesses and rebuttal. The Commission found the request did not meet the requirements of the rule because the designation was too broad and the grounds insufficient.
We agree. Item seven is a two page statement entitled “Net Operating Income Year Ending May 31, 1968. Actual and Adjusted.” Item (a) operating expenses and item (b) income tax are specified. Every financial and accounting record of the Power Company is involved in the preparation of these exhibit items. To permit examination of all records of income and expenditure would unreasonably interfere with the operation of the Power Company. Numerous demands for large scale examination of this type would make it difficult to conduct ordinary electric service. The requirements of the Rule are intended to protect against unreasonable interference with business operations while at the same time affording parties an opportunity to inspect records on proper showing.
The same question arose in City of Miami v. Florida Public Service Commission, 208 So.2d 249 (Fla.1968) and this Court held:
“In answer to the complaint the Petitioner was not permitted to examine the books and records of the Florida Power & Light Company underlying its exhibits, the Commission states the Petitioner made no effort to comply with the Commission’s production and discovery rules (Rule 310-2.88 and Rule 1.28) but attempted an ‘en masse’ examination or ‘fishing expedition’ into the Company’s records. Except for the failures of the Petitioner as indicated, we deem it would have been proper for the Commission to have accorded the Petitioner the right to examine relevant books and records of the Company under reasonable conditions and safeguards.”
We construe Commission Rule 310-2.88 to provide that parties may examine specific items in the records of a public utility upon filing a proper application. The request must be for specific data and not for general information. The Commission cannot arbitrarily deny such an examination on motion made in accordance with procedures established by it.
Accordingly, petitioner having failed to show a departure from the essential requirements of law, the Order of the Commission is approved and certiorari is denied.
It is so ordered.
CARLTON and ADKINS, JJ., concur.
ROBERTS, J., concurs specially with opinion.
ERVIN, C. J., dissents with opinion.
DREW and THORNAL, JJ., dissent and concur with ERVIN, C. J.