HUBBART, Judge.
This is a petition for a writ of certiorari filed by a defendant in a criminal case seeking review of a trial court .order which compels both the state and the defendant to engage in reciprocal discovery pursuant to Fla.R.Crim.P. 3.220. This order necessarily requires the defendant, upon receipt of certain comparable discovery from the state, to disclose to the state: (1) the names and addresses of all the witnesses whom the defendant expects to call at trial or hearing, Fla.R.Crim.P. 3.220(d)(1); (2) any statements of such witnesses, Fla. R.Crim.P. 3.220(d)(2)(i); (3) any reports or statements of defense expert witnesses, Fla.R.Crim.P. 3.220(d)(2)(ii); and (4) any tangible papers or objects which the defendant intends to use as evidence at trial or hearing, Fla.R.Crim.P. 3.220(d)(2)(iii). Because the order requires the defendant to provide such discovery materials to the state, we clearly have certiorari jurisdiction to entertain this petition under Article V, Section 4(b)(3) of the Florida Constitution.[1]
The central issue presented for review is whether a defendant in a criminal case is deemed to have elected to participate in discovery, so that he is required to make reciprocal discovery to the state pursuant to Fla.R.Crim.P. 3.220(d), solely because he has, as here, taken discovery depositions in a parallel administrative proceeding. We hold that a defendant has not elected to participate in discovery in a criminal case by the mere act of participating in discovery in a parallel administrative or civil proceeding, including the taking of depositions therein, and, therefore, such defendant incurs no reciprocal discovery obligations in the criminal case. Accordingly, we grant the petition for a writ of certiorari and quash the order under review.
I
The facts of this case are entirely undisputed. On March 21, 1991, the defendant Sergio C. Llanes was charged by information with capital sexual battery on his minor son [§ 794.011(2), Fla.Stat. (1989)], which information was subsequently amended to add a second charge of lewd assault [§ 800.04, Fla.Stat. (1989)]. The defendant entered a plea of not guilty to these charges; he at no time participated in any discovery in the criminal case and filed no notice of intention to participate in discovery therein.
Prior thereto, the Florida Department of Health and Rehabilitative Services [HRS] instituted a parallel administrative investigation of the defendant after having received a child abuse report regarding the defendant’s minor son. The alleged abuse was essentially the same abuse which was charged in the information filed against the defendant in the criminal case. On February 25, 1991, three days before the defendant was arrested on the criminal charge, HRS sent a notice to the defendant stating that it had confirmed the abuse report and had identified the defendant as the abuser. The defendant filed a request for reconsideration, but on May 30, 1991, HRS notified him that it was affirming its report. On June 10,1991, the defendant filed a request for an administrative formal hearing on the report pursuant to Chapter 120, Florida Statutes, inasmuch as a confirmed report *1296 has serious further consequences as to defendant’s legal relationship with his minor son. A hearing has been set on this report, but has not yet taken place.
From September 1991 through January 1992, the defendant, through counsel, conducted discovery in the case pursuant to Chapter 120, Florida Statutes and the Florida Administrative Code; he deposed the three family members previously interviewed by the HRS investigator, as they were the sole state witnesses in the administrative proceeding. No effort, however, was made to depose the minor son, the police officers involved in the criminal case, the doctor at the Rape Treatment Center who examined the minor son, or the person who interviewed the minor children by video tape on behalf of the State Attorney’s office.
On February 2, 1992, the state filed a motion to compel compliance with its previously filed demand for reciprocal discovery in the criminal case. In its motion to compel, the state argued that by taking the three depositions in the administrative case, the defendant elected to participate in discovery under Fla.R.Crim.P. 3.220(a), thereby entitling the state to the reciprocal discovery from the defendant upon supplying the defendant with comparable discovery under Fla.R.Crim.P. 3.220(d). The trial court granted the state’s motion to compel and entered a written order thereon which states:
“1. This Court determines that, although there is no provision in Rule 3.220 specifically regarding this factual scenario, the spirit underlying that rule is to eliminate surprise at trial and to encourage the pre-trial resolution of criminal cases through the sharing of harmful and helpful evidence by prosecution and defense. The Court finds that this spirit requires that, where a defendant in a criminal case takes or has taken discovery depositions in a civil or noncriminal proceeding of a person who is an apparent witness in the criminal proceeding that regards the factual basis of the charges in a criminal case, the provisions of Rule 3.220 are invoked and the defendant is obligated to comply with such provisions.
2. The Court finds then that the defendant in this case, by virtue of the depositions he has taken in the administrative proceeding, DOAH Case No. 91-4011C, has invoked the provisions of Rule 3.220.
THEREFORE, in consideration of the foregoing, IT IS ORDERED AS FOLLOWS:
The Motion of the State of Florida To Compel Compliance with Demand for Reciprocal Discovery is hereby granted. Both parties shall comply with the obligations of discovery regarding defendants under Rule 3.220. However, given the importance of this issue, the apparent lack of authority on point, the representation by the defendant that he wishes to appeal this ruling before trial, and the motion of the defendant for a stay of this matter pending such appeal, this Court hereby stays this case and the obligation of both parties until either thirty-one days from the date of this Order if the defendant files no appeal or, if the defendant does file an appeal, the appeal is determined by the applicable appellate court.” [emphasis added].
The defendant seeks certiorari review of this order.
II
Fla.R.Crim.P. 3.220(a) provides:
“If a defendant should elect to avail himself of the discovery process provided by these rules, including the taking of discovery depositions, the defendant shall file with the court and serve upon the prosecuting attorney notice of the defendant’s intent to participate in discovery. Such ‘Notice of Discovery’ shall bind both the prosecution and defendant to all discovery procedures contained in these rules. The defendant may take discovery depositions upon the filing of such notice. The defendant’s participating in the discovery process, including the defendant’s taking of the deposition of any person, shall be an election to participate in discovery. If any defendant knowingly or purposely shares *1297 in discovery obtained by a codefendant, he shall be deemed to have elected to participate in discovery.” [emphasis added]
Fla.R.Crim.P. 3.220(d), in turn, provides that the reciprocal discovery provisions of Fla.R.Crim.P. 3.220(d)(1), (2), apply “[i]f a defendant elects to participate in discovery, either through filing the appropriate notice or by 'participating in any discovery process, including the taking of a discovery deposition.” [emphasis added] Finally, the reciprocal discovery provisions of Fla.R.Crim.P. 3.220(d)(1), (2) require the defendant, upon the receipt of comparable discovery from the state, to disclose to the state (1) the names and addresses of all the witnesses whom the defendant expects to call at trial or hearing, Fla.R.Crim.P. 3.220(d)(1); (2) any statements of such witnesses, Fla.R.Crim.P. 3.220(d)(2)(i); (3) any reports or statements of defense expert witnesses, Fla.R.Crim.P. 3.220(d)(2)(ii); and (4) any tangible papers or objects which the defendant intends to use as evidence at trial or hearing, Fla.R.Crim.P. 3.220(d)(2)(iii).
There was a time prior to the 1989 amendments to Fla.R.Crim.P. 3.220 when the defendant in a criminal case could obtain the following unilateral discovery from the state without incurring any obligation to provide discovery to the state: (1) the written or recorded statements of the defendant or a codefendant, Fla.R.Crim.P. 3.220(a)(l)(iii), (iv) (1988); (2) the grand jury testimony of the defendant, Fla.R.Crim.P. 3.220(a)(l)(v) (1988); (3) any tangible papers which were obtained from or belong to the defendant, Fla.R.Crim.P. 3.220(a)(l)(vi) (1988); (4) whether the state has any information or material supplied by a confidential informant, Fla.R.Crim.P. 3.220(a)(l)(vii) (1988); (5) whether there has been any electronic surveillance, including wiretapping, of the defendant’s premises or of conversations to which the defendant was a party, and any documents relating thereto, Fla.R.Crim.P. 3.220(a)(l)(viii) (1988); and (6) whether there has been any search or seizure in the case and any documents relating thereto. Fla.R.Crim.P. 3.220(a)(l)(ix). Moreover, the defendant could depose any person who had information relevant to the offense charged without incurring any reciprocal discovery obligations. Fla. R.Crim.P. 3.220(d) (1988).
It was only where the defendant demanded the following discovery material that he incurred certain reciprocal discovery obligations: (1) the names and addresses of all persons known to the prosecuting attorney to have information which may be relevant to the offense charged or any defense with respect thereto, Fla.R.Crim.P. 3.220(a)(l)(i) (1988); (2) the statement of a person whose name was furnished in compliance with the preceding provision, Fla.R.Crim.P. 3.220(a)(l)(ii) (1988); (3) reports or statements of expert witnesses, Fla.R.Crim.P. 3.220(a)(l)(x) (1988); and (4) any tangible papers or objects, not obtained from or belonging to the defendant, which the state intends to use at trial or hearing, Fla. R.Crim.P. 3.220(a)(l)(xi). If such discovery were demanded, the defendant upon receipt of such discovery was required to provide the state with the following comparable discovery: (1) the names and addresses of all witnesses the defendant intends to call at trial or hearing, FIa.R.Crim.P. 3.220(b)(3) (1988); (2) the statements of any person the defendant intends to call at trial, Fla. R.Crim.P. 3.220(b)(4)(i) (1988); (3) reports or statements of expert witnesses, Fla. R.Crim.P. 3.220(b)(4)(ii) (1988); and (4) any tangible papers or objects which the defendant intends to use at trial or hearing. Fla.R.Crim.P. 3.220(b)(4)(iii) (1988). Even these reciprocal discovery obligations were not incurred by a defendant who did not himself make the demand for reciprocal discovery, but who shared in such discovery demanded and secured by a code-fendant.
Stated differently, prior to the 1989 amendments to Fla.R.Crim.P. 3.220, a defendant could obtain unilateral discovery from the state and take discovery depositions of state witnesses without providing any discovery to the state; moreover, a defendant who made no demand for reciprocal discovery could nonetheless share in reciprocal discovery materials obtained by a codefendant without providing any dis *1298 covery to the state. This state of affairs was perceived — correctly we think — as an abuse of the criminal discovery process. Consequently, Fla.R.Crim.P. 3.220 was completely revamped to provide for two-way-street criminal discovery; a defendant who participates in any type of discovery in a criminal case is now required to provide certain reciprocal discovery to the state. A defendant must now file and serve a notice of intent to participate in discovery in order to obtain any discovery from the state or to take any discovery depositions in the case; upon such filing, the defendant incurs certain reciprocal discovery obligations under Fla.R.Crim.P. 3.220(d) (1992). A defendant who declines to file such a notice, but who nonetheless participates in any way in the criminal discovery process [by sharing, for example, in discovery materials obtained by a codefendant in the case or by attending and participating in a codefendant’s discovery deposition] has indicated his intent to participate in the criminal discovery process and automatically incurs the reciprocal discovery obligations imposed by Fla. R.Crim.P. 3.220(d) (1992).
The committee comments to the 1989 amendments to Fla.R.Crim.P. 3.220(a) fully support this analysis:
“The purpose of this change is to ensure reciprocity of discovery. Under the previous rule, the defendant could tailor discovery, demanding only certain items of discovery with no requirement to reciprocate items other than those demanded. A defendant could avoid reciprocal discovery by taking depositions, thereby learning of witnesses through the deposition process, and then deposing those witnesses without filing a demand for discovery. With this change, once a defendant opts to use any discovery device, the defendant is required to produce all items designated under the discovery rule, whether or not the defendant has specifically requested production of those items.”
Moreover, the Report of the Florida Supreme Court’s Commission on Criminal Discovery (February 1, 1989), also supports this analysis by stating that “the defendant should not have the option of receiving the benefits of a rule-designated discovery process while incurring none of its obligations.” Id. at 94 [emphasis added]. In neither the Florida Criminal Rules Committee report or comments nor the Supreme Court’s Criminal Discovery Commission report was there any mention of discovery taken by a defendant, as here, in a parallel administrative or civil proceedings; the abuses sought to be corrected by the 1989 amendments to Fla.R.Crim.P. 3.220 were clearly abuses occurring solely within the criminal discovery process.
It is therefore clear, beyond any hope of successful contradiction, that Fla.R.Crim.P. 3.220(a) and 3.220(d), by both its terms and underlying rationale, require that the defendant must participate in the discovery process in the pending criminal case in order to trigger the defendant’s obligation to provide reciprocal discovery to the state under Fla.R.Crim.P. 3.220(d)(1), (2). Contrary to the trial court’s ruling, these rules have no application to discovery taken by the defendant in parallel administrative or civil proceedings.
Ill
Turning to the instant case, it is undisputed that the defendant Sergio C. Llanes has not filed or served a notice of intent to participate in discovery in the criminal case; nor has he participated in any way in any criminal discovery under Fla.R.Crim.P. 3.220. This being so, he has incurred no reciprocal discovery obligations under Fla.R.Crim.P. 3.220(d)(1), (2); the fact that he has taken discovery depositions in a parallel HRS administrative proceeding cannot change this result.
The petition for certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court for further proceedings.
Petition granted; order quashed; cause remanded.

. City of Miami v. Florida Public Serv. Comm'n, 226 So.2d 217 (Fla.1969); Seaboard Air Line R.R. v. Timmons, 61 So.2d 426 (Fla.1952); Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942); Avatar Properties, Inc. v. Donestevez, 575 So.2d 785 (Fla. 2d DCA 1991); FDIC v. Balkany, 564 So.2d 580 (Fla. 3d DCA 1990); McCarty v. Estate of Schultz, 372 So.2d 210 (Fla. 3d DCA 1979); Able Builders Sanitation Co. v. State, 368 So.2d 1340 (Fla. 3d DCA), appeal dismissed, 373 So.2d 461 (Fla.1979); Travelers Indem. Co. v. Salido, 354 So.2d 963 (Fla. 3d DCA 1978); Segal v. Roberts, 380 So.2d 1049 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1117 (Fla.1980); Smith v. Bloom, 506 So.2d 1173, 1175 (Fla. 4th DCA 1987) ("Certiorari is the proper vehicle for testing a discovery order, ... and is particularly appropriate where disclosures are required to be made which, once made, may obviously not be recalled.’’).