ON MOTION FOR CLARIFICATION

HARRIS, Judge.
We grant clarification of our previous denial of certiorari because, on reflection, we agree that some explanation is in order. However, we continue to decline to grant certiorari.
Carlo Cabral and Jason Thomas were indicted for first degree murder. Thomas filed the proper notice under Florida Rule of Criminal Procedure 3.220 and received discovery of the State’s file. Thereafter, on behalf of Cabral, a public records demand for disclosure of the State’s file pursuant to Chapter 119 was made. The State made the necessary disclosure but asked the trial court to compel Cabral to submit to reciprocal discovery pursuant to Florida Rule of Criminal Procedure 3.220. The court granted the State’s request and Cabral seeks certiorari asking us to reverse that order.
*295 Cabral takes the position that the public records disclosure requirement is independent of the criminal discovery rules and since he chose to proceed under the public records law and not the rules, he should not be required to submit to disclosure.
The State, on the other hand, submits that the criminal rule is so designed that Cabral may not eat his cake and have it too. The rule provides: “If any defendant knowingly or purposely shares in discovery obtained by a eodefendant, the defendant shall be deemed to have elected to participate in discovery.” See Rule 3.220(a), Florida Rules of Criminal Procedure. The State’s ■ prosecution files would normally be exempt from discovery under the public records law so long as such file is reasonably related to a pending prosecution or appeal. In this ease, once the State released its file based on the codefendant request, it considered the released records as public records within Chapter 119. See Post-Newsweek Stations v. Doe, 612 So.2d 549, 551 (Fla.1992). However, but for the release to the codefendant, the records would-not have been available to Cabral under a public records request. See sections 119.011(3)(d)2, 119.07(3)(b), and 119.011(3)(e)5, Florida Statutes (1995). We believe thát 'the action of'one defendant in requesting reciprocal discovery and a code-fendant seeking the same records pursuant to Chapter 119 is nothing less than “knowingly and purposely” sharing in the 'discovery obtained by a codefendant under the rule and that the trial court was right in so determining.
CERTIORARI DENIED.
COBB and W. SHARP, JJ., concur.