MINER, Judge.
John Wesley Henderson (Henderson) petitions this court for a writ of certiorari to quash a protective order of the lower court, which provided that a public records request to the local sheriff for records which pertained to Henderson’s criminal ease, constituted participation in the discovery process pursuant to the criminal rules of procedure, thereby triggering a reciprocal discovery obligation. We deny the petition for writ of certiorari.
FACTS
Henderson and Tracy Adams have each been charged by separate indictment in separate criminal cases, for the premeditated murder in the first degree of one Lawrence Pinkard and grand theft of an unspecified amount of Pinkard’s money. The State is seeking the death penalty, should Henderson be convicted. In Adams’ criminal case, his counsel elected to participate in the discovery process under Florida Rule of Criminal Pro *643 cedure 3.220, and therefore full disclosure has been made to him. In Henderson’s criminal case, however, his counsel has thus far, chosen not to participate in discovery nor obtain materials from Adam’s counsel. Instead, Henderson’s counsel obtained from the State exculpatory material pursuant to Brady,[1] as well as other information from the court file. However, counsel for Henderson also sent a letter to the local sheriff requesting, pursuant to Chapter 119, Florida Statutes, (Public Records Act), copies of all reports relating to the death of Pinkard, and/or the subsequent arrest of Henderson and Adams. The letter was on the law firm’s letterhead, but did not mention the criminal case number or indicate that counsel was appointed to represent Henderson in the pending prosecution. It is this letter which is the subject of the petition.
Before disclosing such documents, the assistant state attorney, having learned of the request to the sheriff, immediately filed a motion for protective order in Henderson’s criminal case to prevent the sheriff from disclosing such information. A hearing took place within hours thereafter, and the assistant state attorney argued that Henderson was attempting to do indirectly, what he could not do by direct means without incurring a reciprocal discovery obligation in his criminal case. The State requested an order preventing disclosure and declaring such letter to constitute participation in a discovery process under rule 3.220.
The trial court agreed, explaining that had Henderson sought the records directly related to his pending criminal case from either the co-perpetrator, Adams, or by demand to the State, the reciprocal discovery obligation would have automatically been triggered. The court found that the public records request by Henderson’s counsel to the sheriff is no different than requesting such documents under the discovery rules, and therefore ruled that the public records request constituted participating in such discovery, thereby triggering a reciprocal discovery obligation for Henderson under rule 3.220. Recognizing the novelty of this issue and substantial impact on similarly situated criminal defendants, the court certified this issue as one of great public importance. The documents were allowed to be produced to the court under seal and Henderson’s trial has been continued, pending outcome of this appeal.
In his petition, Henderson emphasizes that because these requested records have been produced to co-perpetrator Adams, the records are no longer exempt under section 119.07(3)(b),[2] so that any person or entity, including the press, could obtain such without restrictions, see § 119.011(3)(c)5, Florida Statutes (1997);[3] yet the trial court is imposing restrictions on his access, even though he is presumed to be innocent and possibly facing the electric chair. He argues that the trial court departed from the essential requirements of the law by finding that his independent public records request constituted participation in discovery in his criminal case, and relies on Llanes v. State, 603 So.2d 1294, 1298 (Fla. 3d DCA 1992) (holding that taking depositions of state witnesses in a parallel administrative child abuse proceeding did not constitute participation in diseov- *644 ery in the criminal case arising from the same allegations, because rule 3.220 requires utilization of a discovery device in the pending criminal case). (Emphasis added.) See also Wait v. Florida Power & Light Company, 372 So.2d 420 (Fla.1979) (rejecting argument that § 119.07(1), providing for disclosure “under reasonable conditions”, can be construed to require a reciprocal discovery obligation as a reasonable condition).
The State responds that there is no case law prohibiting the trial court’s ruling and therefore there has been no violation of clearly established law to justify certiorari review. The State distinguished Llane's from the case at bar because the trial court in Llanes had improperly applied criminal procedure rules to a civil ease, whereas there is no collateral civil case involved here. The State emphasized the language in rule 3.220 providing that when a defendant engages in any discovery process, he must provide reciprocal disclosure. The State also notified this court of a recent opinion, Cabral v. State, 699 So.2d 294 (Fla. 5th DCA 1997) (holding that but for a codefendant’s election to participate in discovery, defendant would not have access to that information under the Public Records Act, and therefore the defendant seeking public records was “knowingly and purposely” sharing in discovery obtained by codefendant, according to rule 3.220(a)).[4]
ANALYSIS
Article I, section 24(d), of the Florida Constitution, provides that laws and rules of court in effect at the time of the public records amendment to the constitution (1992), which limit access to such records, shall remain in effect until they are repealed. We interpret certain language in section 119.07(8), Florida Statutes (Supp.1996), first added to the Public Records Act in 1979, to mean that a criminal defendant’s rights to discover records pertaining to that defendant’s pending criminal prosecution, shall not be extended beyond that provided for under rule 3.220. That pertinent language of section 119.07(8) provides as follows:
The provisions of this section are not intended to expand or limit the provisions of Rule 3.220, Florida Rules of Criminal Procedure, regarding the right and extent of discovery by the state or by a defendant in a criminal prosecution ...
While a public records exemption cannot limit a criminal'defendant’s access to discovery under rule 3.220,[5] the converse is also true, in that a criminal defendant cannot utilize the Public Records Act to gain access to records related to that defendant’s case to which the defendant could not otherwise gain access pursuant to rule 3.220, without triggering a reciprocal discovery obligation. See § 119.07(8), Fla. Stat. (Supp.1996). Section 119.07(8) essentially abrogates a criminal defendant’s ability to use the Public Records Act as an end-run around the reciprocity which has been required since 1989 under rule 3.220.
We do not agree with Henderson that under section 119.011(3)(e)5, the mere fact that co-perpetrator Adams has participated in discovery, changes or eliminates Henderson’s obligations under rule 3.220. Instead, we read section 119.011(3)(c)5 in a manner consistent with the apparent purpose behind section 119.07(8), to prevent a defendant from obtaining such nonexempt public records pertaining to his or her pending criminal prosecution, while sidestepping the discovery provisions under rule 3.220. Were we to do otherwise, one perpetrator would be unfairly disadvantaged simply because he or she participated in pre-trial discovery first, while others charged with the same crime could subsequently obtain the same records, but without any reciprocal discovery obligation. We do not believe the drafters of the Public Records Act intended such an absurd result.
We presume attorneys will follow the rules of professional conduct, so that if a defendant or his attorney obtains such public records *645 related to that defendant’s pending criminal case from any Source other than the media, the defense attorney will notify the State of such receipt and comply with the reciprocal obligations in rule 3.220. We are also confident that the State will not seek to compel reciprocal discovery by surreptitiously making any unsolicited material available to the defendant.
Accordingly, we find the order of the trial court does not depart from the essential requirements of law, and thus deny the petition for writ of certiorari. We also agree with the trial court that this issue is one of great public importance having a substantial impact on similarly situated criminal defendants, and therefore certify the following question to Florida Supreme Court:
DOES SECTION 119.07(8), FLORIDA STATUTES (Supp.1996), LIMIT A CRIMINAL DEFENDANT’S PRE-TRIAL DISCOVERY OF NONEXEMPT PUBLIC RECORDS REGARDING HIS OR HER PENDING PROSECUTION, TO THE DISCOVERY PROVISIONS IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.220, SUCH THAT RECEIPT OF SUCH RECORDS TRIGGERS A RECIPROCAL DISCOVERY OBLIGATION FOR THAT DEFENDANT?
MICKLE and LAWRENCE, JJ., concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Section 119.07(3)(b) provides that “[a]ctive criminal intelligence information and active criminal investigative information are exempt from the provision of subsection (1) and s. 24(a), Art. I of the State Constitution".

. Section 119.011 (3)(c)5 provides:
(c) “Criminal intelligence information" and “criminal investigative information" shall not include ...
5. Documents given or required by law or agency rule to be given to the person arrested, except as provided in s. 119.07(3)(f), and, except that the court in a criminal case may order that certain information required by law or agency rule to be given to the person arrested be maintained in a confidential manner and exempt from the provisions of s. 119.07(1) until released at trial if it is found that the release of such information would:
a. Be defamatory to the good name of a victim or witness or would jeopardize the safety of such victim or witness; and
b. Impair the ability of a state attorney to locate or prosecute a codefendant. (Emphasis added.)
We note that none of the exceptions provided for in section 119.01 l(3)(c)5 have been asserted in the case at bar.

. We recognize the facts and issues in Cabral are strikingly similar to the case at bar but agree only with the result in Cabral, because we conclude that provisions of the Public Records Act dispose of this issue.

. See, e.g., Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla.1982).